

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-389-CV

ROBERT T. CLIFTON, RAQUEL                                    APPELLANTS
GUTIERREZ BRYSON, RICHARD D.
JORDAN, AND MICHAEL SUTTON

V.

JENNIFER WALTERS IN HER                                       APPELLEE
OFFICIAL CAPACITY AS CITY
SECRETARY FOR THE CITY OF
DENTON, TEXAS

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

In six issues, Appellants Robert T. Clifton, Raquel Gutierrez Bryson, Richard D. Jordan, and Michael Sutton, pro se, appeal the trial court's judgment dismissing their claims against Appellee Jennifer Walters in her official capacity

as City Secretary for the City of Denton, Texas, and declaring Clifton a vexatious litigant.  We will affirm.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2008, Clifton delivered a letter to Walters, Denton's City Secretary, expressing that Mark Burroughs, Perry McNeill, and Mary Jo "Pete" Kamp were ineligible for election to the Denton City Council in any municipal general election.  The following day, Clifton filed his original petition, seeking a declaratory judgment clarifying article 2.01(c) of the Denton City Charter and "finding" that Burroughs, McNeill, and Kamp were ineligible for election to the city council.[1]  Clifton also sought to enjoin Walters from placing the names of Burroughs, McNeill, and Kamp on the ballot for the May 10, 2008 election and to enjoin them from "forever filing for any elective office" on the city council because each had "been previously elected to three consecutive two-year terms on the Denton City Council."

On April 11, 2008, Clifton filed a first amended petition, which named Gutierrez Bryson, Jordan, Sutton, and Justin Bell as additional plaintiffs but did not amend any of the allegations for declaratory and injunctive relief pleaded in

---

[1] According to the original petition, article 2.01(c) states that "[a]ll members of the council and the mayor shall be elected for two-year terms and shall not be eligible for election to more than three (3) consecutive two year terms . . . ."

2

the original petition. The amended petition alleged that all of the plaintiffs have standing because they are citizens of Texas, residents of Denton County and Denton, voters, and taxpayers. It further alleged that Sutton and Bell have standing for the additional reason that they were candidates in the May 10, 2008 election.[2]

Walters filed a motion to dismiss Appellants' claims for want of jurisdiction, arguing in part that Clifton, Gutierrez Bryson, and Jordan do not have standing as citizens to seek declaratory relief. Walters also sought rule of civil procedure 13 sanctions against Clifton, and she moved pursuant to civil practice and remedies code section 11.051 to declare Clifton a vexatious litigant.[3] On April 21, 2008, the trial court denied Appellants' request for injunctive relief. Thereafter, Walters filed her first supplemental motion to dismiss Appellants' claims for want of jurisdiction, arguing that Sutton and Bell lacked standing to seek a declaratory judgment because neither prevailed in his respective race and neither contested the election results. Appellants filed an "Objection Without Waiver and Motion to Strike Defendant's First Supplemental

---

[2] Sutton was a candidate for Place 5 on the city council, and Bell was a candidate for Mayor of Denton.

[3] Appellants did not file a response to Walters's motion to dismiss.

3

Motion to Dismiss for Want of Jurisdiction and Original Answer; and, for Sanctions" in response to Walters's supplemental motion to dismiss.[4]

On September 5, 2008, the trial court conducted a hearing on Walters's motions to dismiss for want of jurisdiction.[5] With the exception of Sutton's and Bell's claims seeking a declaratory judgment clarifying article 2.01(c) of the Denton City Charter, the trial court granted Walters's motions to dismiss for want of jurisdiction. The trial court subsequently granted Bell's notice of nonsuit and, after reconsidering its earlier ruling on Walters's motions to dismiss, dismissed Sutton's claims as moot. After a hearing, the trial court denied Walters's request for sanctions but declared Clifton a vexatious litigant. This appeal followed.

III.  STANDING

In their first issue, Appellants argue that the trial court erred by granting Walters's motions to dismiss for want of jurisdiction on the ground that they each lack standing to sue Walters. Appellants argue that they have standing because they are citizens of Texas, residents of Denton, registered voters, and taxpayers and because "two of the plaintiffs were candidates for office for the

---

[4] Appellants sought sanctions on the ground that Walters's supplemental motion to dismiss was frivolous.

[5] The trial court allowed Appellants to introduce evidence at the hearing in response to Walters's motions.

May 10, 2008, general election for city council." Appellants cite *Williams v. Lara*, 52 S.W.3d 171 (Tex. 2001), in support of their taxpayer-standing argument and argue that they have standing as taxpayers to sue "to stop and prevent illegal spending by the City of Denton."

Walters's motions to dismiss for want of jurisdiction are pleas to the trial court's subject matter jurisdiction. A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction challenges the existence of jurisdictional facts, as in this case, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *See Bland*, 34 S.W.3d at 555; *Cox v. Perry*, 138 S.W.3d 515, 517 (Tex. App.—Fort Worth 2004, no pet.). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If the relevant evidence is undisputed or fails to raise a fact question on

5

the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.  *Id.*; *Bland*, 34 S.W.3d at 555.

Standing is a component of subject matter jurisdiction.  *Tex. Ass'n of Bus.*, 852 S.W.2d at 445.  If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction to hear the case.  *Id.* at 444–45; *Town of Fairview v. Lawler*, 252 S.W.3d 853, 855 (Tex. App.—Dallas 2008, no pet.).  If a court lacks subject matter jurisdiction in a particular case, then it lacks authority to decide that case.  *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001); *Tex. Ass'n of Bus.*, 852 S.W.2d at 443 (reasoning that subject matter jurisdiction is essential to the authority of a court to decide case).

Generally, unless standing is conferred by statute, a plaintiff must demonstrate that he possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury.  *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *SCI Tex. Funeral Servs., Inc. v. Hijar*, 214 S.W.3d 148, 153–54 (Tex. App.—El Paso 2007, pet. denied).  Regarding a voter suing over an alleged ineligible candidate, our case law has consistently held that a voter having no special interest cannot bring a lawsuit seeking the removal of an ineligible candidate from the ballot.  *See, e.g., Brimer v. Maxwell*, 265 S.W.3d 926, 928 (Tex.

6

App.—Dallas 2008, no pet.); *In re Jones*, 978 S.W.2d 648, 651 (Tex. App.—Amarillo 1998, orig. proceeding [mand. denied]); *see also Allen v. Fisher*, 118 Tex. 38, 41, 9 S.W.2d 731, 732 (1928). "No Texas court has ever recognized that a plaintiff's status as a voter, without more, confers standing to challenge the lawfulness of governmental acts." *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001); *Yett v. Cook*, 115 Tex. 205, 218, 281 S.W. 837, 841 (1926) (reasoning that in the absence of a statute authorizing the suit, "there can be no doubt that in Texas an action relating to elections or other matters of law enforcement, not involving questions of taxation or unlawful expenditure of public funds, cannot be maintained by a relator or plaintiff whose interest is only that of the public generally").

In this case, as voters, citizens of Texas, and residents of Denton, Appellants lacked standing to challenge Burroughs's, McNeill's, and Kamp's eligibility for election to the city council. *See Brimer*, 265 S.W.3d at 928; *Jones*, 978 S.W.2d 648, 651; *see also Allen*, 9 S.W.2d at 732. As for their argument that they each have standing because two of the plaintiffs (Sutton and Bell) were candidates in the May 2008 election, Appellants set forth no argument, analysis, or citation to relevant authorities to support this contention. The single-sentence argument is therefore inadequately briefed and, accordingly, waived. *See* Tex. R. App. P. 38.1(i) (requiring brief to contain a

7

clear and concise argument for the contentions made with appropriate citations to authorities); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (discussing "long-standing rule" that issue may be waived due to inadequate briefing). To the extent Appellants mean to argue by this single sentence that Sutton—as opposed to the other Appellants—has standing to sue because he—unlike the other Appellants—was a candidate in the May 10, 2008 election, this argument is also waived because Appellants provide no supporting analysis or argument. *See* Tex. R. App. P. 38.1(i).

Regarding Appellants' taxpayer-standing argument, through a judicially-created exception to the particularized injury requirement, a taxpayer has standing "to sue in equity to enjoin the illegal expenditure of public funds, even without showing a distinct injury." *Bland*, 34 S.W.3d at 556. Taxpayers in Texas thus generally have standing to enjoin the illegal expenditure of public funds and need not demonstrate a particularized injury. *Williams*, 52 S.W.3d at 179. Implicit in this rule are two requirements: (1) that the plaintiff is a taxpayer and (2) that public funds are expended on the allegedly illegal activity. *Id*. Underpinning these limitations is the realization that governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. *Id*. at 180 (citing *Bland*, 34 S.W.3d at 555).

Here, Walters introduced and the trial court admitted a copy of Ordinance No. 2008-103, the ordinance canvassing the returns and declaring the results of the May 10, 2008 election. It states in relevant part as follows:

> The City Council finds and declares that the May 10, 2008 regular municipal election was duly ordered for the purpose of electing two council members to Places 5 and 6, and a Mayor to Place 7; that proper notice of said election was duly given and election officials appointed; that the election was duly held and the returns of the election officials have been delivered to the Council, *all in accordance with the laws of the State of Texas and the Charter and ordinances of the City of Denton.* [Emphasis added.]

Appellants alleged in their amended petition that they seek declaratory relief to stop "unconstitutional and illegal activities by" Walters. The alleged illegal activity referred to is Walters's "allowance and inclusion of ineligible candidates on a general election ballot." Aside from this allegation, which is based on Appellants' position that the City Charter prohibited Burroughs, McNeill, and Kamp from seeking election to the city council in the May 10, 2008 election, Appellants made no showing in response to Walters's plea that they were suing to enjoin the illegal expenditure of public funds. Appellants did not appeal the trial court's denial of their request for injunctive relief, and their remaining claims seeking declaratory relief involve a dispute over the interpretation of part of the Denton City Charter. Appellants' opinion that Burroughs, McNeill, and Kamp were ineligible for election does not mean that the election itself or

9

Walters's ministerial duty of reviewing candidate applications for inclusion on the ballot were activities on which public funds were *illegally* expended; these activities, which were "all [conducted] in accordance with the laws of the State of Texas," according to Ordinance No. 2008-103, would have taken place regardless of the dispute over the provision in the City Charter—the lawsuit was not filed until April 1, 2008, approximately forty days before the May 10, 2008 election, and the case was not set for trial until September 2008, months after the May 10, 2008 election. *See* Tex. Elec. Code Ann. § 145.004 (Vernon 2003) (stating that a candidate's entitlement to a place on the ballot or to a certificate of election is not affected by a judicial determination that the candidate is ineligible until a judgment declaring the candidate to be ineligible becomes final), § 145.094(a) (Vernon Supp. 2009) (stating that the name of a candidate shall be omitted from the ballot if the candidate is declared ineligible before 5 p.m. of the second day before the beginning of early voting by personal appearance, before 5 p.m. of the 53rd day before election day, or before 5 p.m. of the 67th day before election day, depending on the applicability of sections 145.092(a), 145.092(b), or 145.092(f)). Accordingly, Appellants do not have standing as taxpayers. *See Williams*, 52 S.W.3d at 179–80.

We hold that the trial court did not err by granting Walters's motions to dismiss for want of jurisdiction. We overrule Appellants' first issue. Having overruled Appellants' first issue, we need not address their second, third, fourth, and fifth issues, which are issues subsumed by the first issue.[6] *See* Tex. R. App. P. 47.1.

## IV. VEXATIOUS LITIGANT

In their sixth issue, Appellants challenge the trial court's order declaring Clifton a vexatious litigant.[7] Clifton does not argue that the evidence is legally and factually insufficient to support the trial court's order. Instead, he asserts numerous arguments complaining of alleged constitutional violations resulting from the trial court's order declaring him a vexatious litigant. Specifically, he contends that the vexatious litigant statute is unconstitutional because it denies him due process under the Fourteenth Amendment to the United States

---

[6] Appellants argue in these issues that "[t]his case is a suit for office; not an election contest"; that "[t]he City Charter for the City of Denton limits the number of consecutive elections an individual may be elected to the city council"; that "[t]he City Secretary's actions pertaining to the applications of three individuals for a place on the May 10, 2008, general election ballot for city council was an abuse of discretion"; and that "[t]he District Court's action, or inaction, in this case was a result of the court's confusion as to whether or not this case was a civil suit or an election contest."

[7] The order declares only Clifton a vexatious litigant, not all of the Appellants. We therefore construe this issue as a challenge by Clifton, not all of the Appellants, to the order declaring him a vexatious litigant.

11

Constitution, denies him equal protection, denies him access to court, does not "further any compelling state interest," violates the First and Eighth Amendments to the United States Constitution, is a bill of attainder, is "unconstitutionally overbroad," and is an "invitation to 'invidious discrimination.'"

Chapter 11 of the civil practice and remedies code contains the legislature's plan for dealing with vexatious litigants—persons who abuse the legal system by filing numerous, frivolous lawsuits. Tex. Civ. Prac. & Rem. Code Ann. §§ 11.001–.104 (Vernon 2002). The statute provides in part that on or before the ninetieth day after the date the defendant files an original answer or makes a special appearance, the defendant may move for an order declaring the plaintiff a vexatious litigant and requiring the plaintiff to furnish security. *Id.* § 11.051. Section 11.054 provides as follows:

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been:
>
> (A) finally determined adversely to the plaintiff;

12

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

*Id*. § 11.054.

Clifton's arguments that chapter 11 denies him equal protection and access to court are unpersuasive. *See Leonard v. Abbott*, 171 S.W.3d 451, 457–58 (Tex. App.—Austin 2005, pet. denied) (reasoning that chapter 11 did not implicate appellant's right to equal protection and did not violate the Texas constitution's open courts provision). We overrule this part of Clifton's sixth issue.

13

A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468, 97 S. Ct. 2777, 2803 (1977). Chapter 11 does not involve punishment. Thus, it is not a bill of attainder. *See, e.g.*, *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We overrule this part of Clifton's sixth issue.

The Eighth Amendment to the United States Constitution forbids, among other things, extreme sentences that are grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23, 123 S. Ct. 1179, 1187 (2003). Chapter 11 does not involve punishment. We overrule this part of Clifton's sixth issue.

The Fourteenth Amendment to the United States Constitution provides that "[no] State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This "require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428, 102 S. Ct. 1148, 1153 (1982); *Boddie v. Connecticut*, 401 U.S. 371, 380, 91 S. Ct. 780, 787 (1971) (concluding that "restriction on litigants' use of established adjudicatory procedures denies due process when such restriction is "the equivalent of

14

denying them an opportunity to be heard upon their claimed right[s]"). A cause of action is a species of property protected by the due process clause of the Fourteenth Amendment. *Logan*, 455 U.S. at 428, 102 S. Ct. at 1154. Here, Clifton complains of chapter 11's requirement that a vexatious litigant obtain permission by a local administrative judge to file litigation if a prefiling order has previously been entered, *see* Tex. Civ. Prac. & Rem. Code Ann. § 11.102, but the record does not show that he has been denied permission from a local administrative judge to file a claim. Also, courts have described the legislature's intent in enacting chapter 11 as a balancing of individual Texans' rights to access their court system against the public's interest in protecting defendants from individuals who abuse that system. *Drake v. Andrews*, 294 S.W.3d 370, 373 (Tex. App.—Dallas 2009, pet. filed). In light of this, Clifton has not met his burden of demonstrating that obtaining permission to file litigation is "the equivalent of denying [him] an opportunity to be heard," thus violating due process. *See Boddie*, 401 U.S. at 380, 91 S. Ct. at 787. We overrule this part of Clifton's sixth issue.

We overrule the remainder of Clifton's arguments about the First Amendment, "compelling state interest," "unconstitutionally overbroad," and "invidious discrimination" because they are inadequately briefed. *See* Tex. R. App. P. 38.1(i). We overrule the remainder of Clifton's sixth issue.

V.  CONCLUSION

Having overruled Appellants' first and sixth issues and having determined that we need not reach Appellants' second, third, fourth, and fifth issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DELIVERED:  January 14, 2010

16