**Don VENABLE, Appellant,**

v.

**Bruce SHERBET, Dallas County Elections Administrator, and Hope Andrade, Texas Secretary of State, Appellees.**

**No. 05–10–00303–CV.**

Court of Appeals of Texas, Dallas.

Nov. 15, 2010.

Don Venable, Coppell, TX, pro se.

Michele Tapia, Assistant District Attorney, Dallas, TX, Kathy Wilson, Assistant Attorney General, Austin, TX, for Appellee.

Before Justices BRIDGES, FRANCIS, and LANG.

## MEMORANDUM OPINION

Opinion By Justice LANG.

Don Venable, appearing pro se, raises one issue in his appeal. He claims the trial court erred when it granted the pleas to the jurisdiction of Bruce Sherbet, the Dallas County Elections Administrator, and Hope Andrade, the Texas Secretary of State, and dismissed his claims against them. We conclude the trial court erred when it granted Sherbet's and Andrade's pleas to the jurisdiction and dismissed Venable's claims. The trial court's orders are reversed and the case is remanded for further proceedings consistent with this opinion. We issue this memorandum opinion because the issues in this appeal are settled. See TEX.R.APP. P. 47.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Venable sued Sherbet and Andrade seeking a permanent injunction that would prohibit the Dallas County elections administrator from: (a) using county funds

to identify the political party affiliation of a candidate; and (b) providing a "straight-party" ballot provision on any general election ballot. He claimed that sections 52.065, 52.071, and 52.091 of the Texas Elections Code violate article VI, section four, and article III, section 52(a), of the Texas Constitution.

Sherbet and Andrade each filed a plea to the jurisdiction. In Sherbet's amended plea to the jurisdiction and motion to dismiss, he challenged the existence of facts to support jurisdiction on the basis of taxpayer standing. Sherbet claimed that Venable lacks taxpayer standing because he cannot show a "measurable appropriation" of public funds.

Andrade's plea to the jurisdiction raised issues different from the plea of Sherbet. Andrade argued that Venable's pleadings did not allege facts sufficient to affirmatively demonstrate jurisdiction. According to Andrade, even accepting all of Venable's allegations in his first amended petition as true, Venable has failed to demonstrate he has taxpayer standing. Andrade did not attach evidence of any kind to her plea to the jurisdiction.

After Sherbet and Andrade filed their pleas to the jurisdiction, Venable filed his second amended petition, which alleged additional jurisdictional facts to support taxpayer standing.[1] Also, he attached a purported copy of Dallas County's adopted budget for fiscal year 2010. Venable responded to the pleas to the jurisdiction arguing, in part, that Sherbet and Andrade did not dispute that he is a taxpayer or that "[t]he expenses incurred in the conduct of a general election for federal, state,

district, and county officers are solely the financial responsibility of Dallas County."

The trial court held a hearing on Sherbet's and Andrade's pleas to the jurisdiction. During the hearing, neither Andrade nor Sherbet offered evidence of any kind to support their contentions, they merely provided argument. In particular, Sherbet argued that there is "no expenditure involved" because the majority of voting in Dallas County occurs on electronic voting systems, and in the event that there are printing costs, the cost of the ballot is not affected by the inclusion of a straight-party voting option or the identification of the candidates' political party affiliation. The trial court specifically asked Sherbet's counsel if there was any evidence to support these arguments. She responded that there is no evidence of an expenditure and it is Venable's burden to prove that he is a taxpayer and the funds are expended on the alleged illegal activity. At the conclusion of the hearing, the trial court orally granted both pleas to the jurisdiction, quoting *Williams v. Lara* for the proposition that "to be entitled to taxpayer standing the litigant must prove that the government is actually expending money on an activity that the taxpayer challenges," and stating that "[t]here has been no showing that the government is expending money on the taxpayer challenge as in *Williams* .... [and] it is not the burden of the Secretary of State or the Elections Commissioner to negate that fact. On that basis[,] the Plea[s] to the Jurisdiction [are] granted." *See Williams v. Lara*, 52 S.W.3d 171, 178 (Tex.2001). The trial court signed orders generally granting Sherbet's and Andrade's pleas to the jurisdiction.

---

1. Sherbet and Andrade argued in their pleas to the jurisdiction and on appeal that Venable failed to demonstrate general standing. However, in his second amended plea to the jurisdiction, Venable asserted only taxpayer standing. Accordingly, we do not address the portion of their pleas to the jurisdiction or briefs that argue Venable does not have general standing.

## II. PLEA TO THE JURISDICTION

In his sole issue on appeal, Venable argues that the trial court erred when it granted Sherbet's and Andrade's pleas to the jurisdiction and dismissed his claims against them.

### A. *Standard of Review*

Whether a trial court has subject matter jurisdiction is a matter of law. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002). Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction de novo. *See Miranda,* 133 S.W.3d at 228; *IT–Davy,* 74 S.W.3d at 855; *Robinson v. Neeley,* 192 S.W.3d 904, 907 (Tex.App.-Dallas 2006, no pet.). In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda,* 133 S.W.3d at 227; *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

### B. *Applicable Law*

#### 1. Taxpayer Standing

Subject matter jurisdiction is essential to the authority of a court to decide a case and standing is a component of subject matter jurisdiction. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443–45 (Tex.1993). Standing is a prerequisite to the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 553–54 (Tex. 2000); *Robinson,* 192 S.W.3d at 907. Standing focuses on the question of who may bring a lawsuit. *See Patterson v. Planned Parenthood,* 971 S.W.2d 439, 442 (Tex.1998). The standing requirement weeds out those lawsuits where the plaintiff's interests and injuries are not particularized and distinct from those of the general public. *See Williams,* 52 S.W.3d at 178; *Robinson,* 192 S.W.3d at 907.

The general test for standing is whether there is a real controversy between the parties that will actually be determined by the judicial declaration sought. *See Tex. Ass'n,* 852 S.W.2d at 443–45. A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful conduct; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Robinson,* 192 S.W.3d at 907.

Unless standing is conferred by statute or the plaintiff can show a particularized injury, taxpayers have no standing to contest governmental decision-making. *See Bland,* 34 S.W.3d at 555; *Robinson,* 192 S.W.3d at 911. However, taxpayer standing is a judicially created exception to the general standing rule. *Williams,* 52 S.W.3d at 180. A taxpayer may sue to enjoin the illegal expenditure of public funds on showing that: (1) the plaintiff is a taxpayer; and (2) public funds are expended on the allegedly illegal activity. *See Williams,* 52 S.W.3d at 179; *Robinson,* 192 S.W.3d at 911. A taxpayer must prove that the government is actually expending money on the activity that the taxpayer challenges. *See Williams,* 52 S.W.3d at 180. Merely demonstrating that tax dollars are spent on something related to the allegedly illegal conduct is not enough. *Id.*

## 2. Pleas to the Jurisdiction

Defendants may raise the absence of subject matter jurisdiction by filing a plea to the jurisdiction. *Robinson*, 192 S.W.3d at 907. A plea to the jurisdiction is a dilatory plea. *See Bland*, 34 S.W.3d at 554. Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland*, 34 S.W.3d at 554. The purpose of the plea is not to force the plaintiff to preview his case on the merits, but to establish a reason why the merits of the plaintiff's claims should never be reached. *See Brown*, 80 S.W.3d at 555; *Bland*, 34 S.W.3d at 554. A plea to the jurisdiction may challenge: (1) that the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction; or (2) the existence of the jurisdictional facts alleged by the plaintiff. *See, e.g., City of Austin v. Leggett*, 257 S.W.3d 456, 461 (Tex.App.-Austin 2008, no pet.).

First, the determination of whether the trial court has subject matter jurisdiction begins with the pleadings. *See Leggett*, 257 S.W.3d at 461. The plaintiff has the burden to plead facts that affirmatively show the trial court has jurisdiction. *See Tex. Ass'n*, 852 S.W.2d at 446; *Clifton v. Walters*, 308 S.W.3d 94, 98 (Tex.App.-Fort Worth 2010, pet. denied); *Leggett*, 257 S.W.3d at 461. Whether the plaintiff has satisfied his burden is a question of law. *See Leggett*, 257 S.W.3d at 461.

When a plea to the jurisdiction challenges the pleadings, the trial court must construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *See Miranda*, 133 S.W.3d at 226; *Clifton*, 308 S.W.3d at 98; *see also* Tex.R. Civ. P. 45 ("All pleadings shall be construed so as to do substantial justice."). If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but the pleading defects are curable

by amendment, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *See Miranda*, 133 S.W.3d at 226–27; *Clifton*, 308 S.W.3d at 98; *Leggett*, 257 S.W.3d at 461. If the pleadings affirmatively negate jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *See Miranda*, 133 S.W.3d at 227; *Leggett*, 257 S.W.3d at 461.

Second, when a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue. *See Miranda*, 133 S.W.3d at 227; *Clifton*, 308 S.W.3d at 98. This standard generally mirrors that of a traditional summary judgment. *See Miranda*, 133 S.W.3d at 228.

The defendant has the burden to assert and support its plea to the jurisdiction challenging the existence of jurisdictional facts with evidence. *See City of Dallas v. Heard*, 252 S.W.3d 98, 102 (Tex. App.-Dallas 2008, no pet.); *see also Miranda*, 133 S.W.3d at 228 (burden on defendant to meet summary judgment standard of proof); *Dallas County v. Wadley*, 168 S.W.3d 373, 377 (Tex.App.-Dallas 2005, pet. denied). This standard protects the plaintiff from having to put on his case simply to establish jurisdiction. *See Miranda*, 133 S.W.3d at 228; *Wadley*, 168 S.W.3d at 377.

After the defendant asserts and provides sufficient evidentiary support for his plea to the jurisdiction, the plaintiff is required to show only that a disputed material fact issue exists regarding the jurisdictional issue. *See Miranda*, 133 S.W.3d at 227–28; *City of Balch Springs v. Austin*, 315 S.W.3d 219, 223 (Tex.App.-Dallas, no pet.); *Heard*, 252 S.W.3d at 102. However, if the defendant fails to present

sufficient evidence to support his challenge to the existence of jurisdictional facts, the plaintiff has no burden to present evidence raising a fact issue. *See Wadley,* 168 S.W.3d at 378–79. The defendant cannot simply deny the existence of jurisdictional facts and force the plaintiff to raise a fact issue. *See City of Austin v. Rangel,* 184 S.W.3d 377, 382 (Tex.App.-Austin 2006, no pet.)

 If the evidence creates a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction and submit the issue to the fact-finder. *Miranda,* 133 S.W.3d at 227–28. Conversely, if the evidence is undisputed or fails to raise a fact issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *See Miranda,* 133 S.W.3d at 228; *Clifton,* 308 S.W.3d at 98.

### C. Application of the Law to the Facts

Sherbet and Andrade each filed a separate plea to the jurisdiction. In Andrade's plea to the jurisdiction, she argued only that Venable's pleadings did not allege facts sufficient to affirmatively demonstrate jurisdiction. In Sherbet's amended plea to the jurisdiction and motion to dismiss, he challenged the existence of jurisdictional facts to support jurisdiction on the basis of taxpayer standing and general standing. Because Sherbet and Andrade challenge different aspects of Venable's pleadings, we will address them separately. We begin with Andrade's plea to the jurisdiction because the determination of whether the trial court has subject matter jurisdiction begins with the pleadings. *See Leggett,* 257 S.W.3d at 461.

### 1. Pleading Must Allege Facts Sufficient to Affirmatively Demonstrate Jurisdiction

 In the portion of his issue that argues the trial court erred when it grant-

ed Andrade's plea to the jurisdiction, Venable argues that his pleading affirmatively demonstrates jurisdiction. Andrade responds that she does not challenge Venable's jurisdictional facts, but claims that even if true, the alleged facts cannot operate, as a matter of law, to give Venable taxpayer standing because he fails "to show that the government is spending money on the alleged illegal activity."

After Andrade filed her plea to the jurisdiction, Venable filed his second amended petition, which alleged additional jurisdictional facts to support taxpayer standing. Andrade did not file a supplemental or amended plea to the jurisdiction addressing Venable's second amended plea to the jurisdiction.

Venable had the burden to plead facts that affirmatively show the trial court has jurisdiction. *See Tex. Ass'n,* 852 S.W.2d at 446; *Clifton v. Walters,* 308 S.W.3d at 98; *Leggett,* 257 S.W.3d at 461. Whether Venable has satisfied his burden is a question of law. *See Leggett,* 257 S.W.3d at 461. First, in support of the requirement that he be a taxpayer, Venable alleged that he owns real property in Dallas County. Second, in support of the requirement that public funds are expended on the allegedly illegal activity, Venable alleged the: (1) the expenses incurred in the conduct of the general election for federal, state, district, and county officers are solely the financial responsibility of Dallas County; (2) Dallas County has appointed an elections administrator; (3) Sherbert is the current elections administrator; (4) Sherbet is a salaried employee of the Dallas County and the chief department executive for the Dallas County Elections Department; (5) preparation of the official ballots in Dallas County for general elections is a ministerial duty of Sherbet; (6) the elections ad-

ministrator is required to satisfy the additional ballot construction rules required by sections 52.065, 52.071, and 52.091 of the Texas Elections Code, which require the political party nominating a candidate to be identified and printed on the ballots and a straight-party voting option; (7) the Dallas County Elections Department is fully funded by the General Fund of Dallas County for fiscal year 2010; (8) sections 52.065, 52.071, and 52.091 of the Texas Elections Code violate article VI, section 4, and article III, section 52(a), of the Texas Constitution; (9) Dallas County will receive no benefit in return for the expenditure of public funds in compliance with sections 52.065, 52.071, and 52.091 of the Texas Elections Code. Also, Venable sought an injunction permanently enjoining Sherbet and his successors "from appropriating county funds in any fashion, including, but not limited to, printing costs, labor, computer programming, county asset usage, and transportation, for the purpose of printing the party identification of any candidate on the general ballot as would otherwise be required by [sections 52.065, 52.071, and 52.091 of the Texas Elections Code]."

The trial court granted Andrade's plea to the jurisdiction. The record does not show that the trial court gave Venable the opportunity to amend his pleadings. *See Miranda,* 133 S.W.3d at 226–27.

Construing Venable's second amended petition liberally in favor of Venable and looking to his intent, we conclude Venable pleaded sufficient facts to affirmatively demonstrate he has taxpayer standing. *See Miranda,* 133 S.W.3d at 226; *Clifton,* 308 S.W.3d at 98. Although Venable does not explicitly state that Dallas County is actually expending public funds on the allegedly illegal activity, he does attempt to link the expenditure of public funds to the allegedly illegal activity. Liberally con-

struing the totality of his second amended petition and looking to Venable's intent to claim taxpayer standing, we construe Venable to claim that Dallas County is actually expending public funds (i.e., the costs associated with employee time or labor spent in preparing the ballots or programming the computers for electronic voting, and to actually print the ballots) when it includes the political party identification of the candidates on the ballot and offers a straight-party voting option, which he alleges is unconstitutional.

The portion of Venable's issue arguing the trial court erred when it granted Andrade's plea to the jurisdiction is decided in favor of Venable.

### 2. Challenge to the Existence of Jurisdictional Facts

 In the portion of his issue that argues the trial court erred when it granted Sherbet's plea to the jurisdiction and motion to dismiss, Venable argues that Sherbet did not present any evidence to support his challenge to the existence of the jurisdictional facts alleged. Also, in his reply brief, Venable claims Sherbet shifted the burden of proof when Sherbet argued that Venable had the burden to prove his jurisdictional claims. However, Venable asserts that in the absence of evidence offered by Sherbet to support his plea to the jurisdiction, Venable had no burden to "negate [Sherbet's] evidence." Sherbet responds that pursuant to *Williams,* Venable has the burden to prove the government is actually expending money on the activity he challenges. *See Williams,* 52 S.W.3d at 181. Also, although in his plea to the jurisdiction he challenged the existence of jurisdictional facts to support jurisdiction on the basis of taxpayer standing, Sherbet argues on appeal that he does not dispute the jurisdic-

tional facts alleged so jurisdiction should be decided as a matter of law.

Sherbet did not attach any evidence to his plea to the jurisdiction or offer any evidence during the hearing. Instead, he merely provided argument. During the hearing, Sherbet argued, without offering evidence, that there is "no expenditure involved" because the majority of voting in Dallas County occurs on electronic voting systems, and in the event that there are printing costs, the cost of the ballot is not affected by the inclusion of a straight-party voting option or the identification of the candidates' political party affiliation. The trial court specifically asked Sherbet's counsel if there was any evidence to support these arguments. She responded that there is no evidence of an expenditure and it is Venable's burden to prove that he is a taxpayer and the funds are expended on the alleged illegal activity.

Further, Sherbet cites *Williams* for the proposition that because this case involves taxpayer standing Venable had the burden of proof on Sherbet's plea to the jurisdiction. *See Williams*, 52 S.W.3d at 181. To support this argument, Sherbet quotes the following from *Williams*, "To be entitled to [ ] taxpayer standing, a litigant must prove that the government is actually expending money on the activity that the taxpayer challenges." *Id.* However, *Williams* did not involve a plea to the jurisdiction. It involved cross-motions for summary judgment. There is nothing in *Williams* suggesting that it is carving out an exception to the burden of proof in a plea to the jurisdiction.

We conclude that the trial court erred when it granted Sherbet's plea to the jurisdiction and motion to dismiss because Sherbet failed to present any evidence to support his challenge to the existence of jurisdictional facts. *See Wadley*, 168 S.W.3d at 378–79; *see also Clifton*, 308

S.W.3d at 99 (defendant introduced and trial court admitted copy of ordinance at hearing on plea to the jurisdiction); *Robinson*, 192 S.W.3d at 908 (necessary jurisdictional facts developed during evidentiary hearing on plea to the jurisdiction and specifically referencing testimony). As a result, Venable had no burden to present evidence raising a fact issue. *See id.* Sherbet cannot simply deny the existence of jurisdictional facts and force Venable to raise a fact issue. *See Rangel*, 184 S.W.3d at 382.

The portion of Venable's issue arguing the trial court erred when it granted Sherbet's plea to the jurisdiction is decided in favor of Venable.

### III. CONCLUSION

The trial court erred when it granted Sherbet's and Andrade's pleas to the jurisdiction and dismissed Venable's claims against them.

The trial court's orders are reversed and the case is remanded for further proceedings consistent with this opinion.