

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00074-CV

RHONDA TERRY MULCAHY                                              APPELLANT

V.

WAL-MART STORES, INC. AND                                        APPELLEES
ASSEMBLED PRODUCTS CORP.

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant Rhonda Terry Mulcahy appeals from the trial court's grant of

summary judgment in favor of Appellees Wal-Mart Stores, Inc. (Wal-Mart) and

Assembled Products Corp. (Assembled) (collectively Appellees). Mulcahy brings

four issues on appeal relating to whether adequate time for discovery had

passed when Appellees filed their motions for no-evidence summary judgment

---

[1]See Tex. R. App. P. 47.4.

and whether the trial court erred by granting summary judgment for Appellees. Because we hold that the trial court did not err by granting summary judgment, we affirm.

In August 2006, Mulcahy, a quadriplegic suffering from partial paralysis, fell from a motorized scooter while shopping at a Wal-Mart store in Granbury, Texas. The scooter had been manufactured by Assembled and provided by Wal-Mart for customer use.

On July 31, 2008, Mulcahy filed suit against Wal-Mart and Assembled. She alleged negligence and premises liability claims against Wal-Mart and negligence, negligent misrepresentation, strict liability, products liability, and breach of implied and express warranty claims against Assembled. Mulcahy was represented by the law firm of Elsey & Elsey. On July 6, 2009, Mulcahy filed a designation of co-counsel, designating several attorneys from the firm Grimes & Fertitta, P.C., as co-counsel. On August 20, 2009, the Grimes & Fertitta attorneys filed an agreed motion to withdraw as co-counsel, which the trial court granted.

On November 4, 2009, Assembled filed a no-evidence motion for summary judgment. The trial court set the motion for hearing on January 6, 2010. The trial court's docket sheet contains a November 13, 2009 entry stating that "Rec'd Notice, Cs. NOT settled at med'n, 11-5-09." No details about when mediation occurred, who attended, or what issues were mediated appears in the record.

On November 16, 2009, Elsey & Elsey filed medical and billing records and accompanying business record affidavits in the trial court. On November 30, Chad Elsey filed an agreed motion to withdraw as Mulcahy's counsel. The motion noted that the case had been set for trial on February 22, 2010. The trial court granted the motion on the same day that it was filed. Also on that date, Wal-Mart filed a motion for no-evidence summary judgment.

On December 21, 2009, Mulcahy filed a motion for continuance, stating that she needed additional time to retain a lawyer. The trial court granted the motion on January 4, 2010, after a hearing and reset the no-evidence summary judgment motions for hearing on February 3, 2010. The trial court did not reset the trial date.

Mulcahy filed a designation of counsel on January 26 designating Todd Smith as her attorney. On that same date, Mulcahy filed a motion for continuance of the summary judgment hearings and the trial setting "for purposes of allowing time for discovery to be completed to include obtaining deposition testimony of [Appellees]; . . . [Mulcahy's] treating physicians, and/or any additional witnesses in this matter, which were not previously obtained by [Mulcahy's] prior attorney." The motion also asserted that Smith is a member of the legislature "and the Primary Election is scheduled for March 2, 2010, and [Smith] has an opponent, which would make it difficult to try a case during the weeks immediately before the election." Appellees opposed the motion. The trial court set this motion for hearing on February 3, 2010.

3

The trial court held the hearing on Mulcahy's motion for continuance and on Appellees' motions for summary judgment on February 3, 2010. At the hearing, Smith stated that Mulcahy had approached him in December, but "[b]ecause of [his] schedule and . . . frankly, holiday plans, there was no way [he] was going to be able to look at the file" to decide whether to represent her, so he advised Mulcahy that she would need to ask for a continuance to give him time to review the case. He stated that after the trial court granted the continuance, he had reviewed the work that had been done on the case, including the fact that depositions of Appellees had never been taken, and "there's a — a high likelihood that my client was not well-served by my prior counsel, and — and that's his decision to make, I'm not being overly critical of him, but the bottom line is the file was not prepared." Smith asked for a continuance until September and stated that "[e]very indication I have is that [Mulcahy] has a strong case."

The trial court took judicial notice of the length of time the case had been on file and of its January 4 hearing on Mulcahy's previous motion for continuance at which it "admonished [Mulcahy] rather strongly that she needed to hire a lawyer and get a response [to the summary judgment motions] filed." The court then denied Mulcahy's motion.

Before the trial court proceeded to hearing the summary judgment motions, Smith filed a motion to withdraw. Smith asserted that Mulcahy had agreed that he would only represent her if the court granted the requested continuances of the summary judgment hearings and the trial setting. The trial

4

court granted Smith's motion to withdraw and, after brief argument by Appellees' counsel on their motions, the no-evidence summary judgment motions.

In her first issue, Mulcahy argues that under the seven-factor test set out in *Specialty Retailers, Inc. v. Fuqua*,[2] she was not afforded an adequate time for discovery before Wal-Mart and Assembled Products filed their no-evidence motions for summary judgment. We review for abuse of discretion a trial court's determination that there has been an adequate time for discovery.[3] This court has adopted *Fuqua* in holding that to determine whether there has been adequate time for discovery, we consider factors such as: (1) the nature of the case, (2) the nature of the evidence needed to address the no-evidence motion, (3) how long the case has been on file, (4) how long the no-evidence motion has been on file, (5) whether the party filing the no-evidence motion has requested stricter deadlines for discovery, (6) the amount of discovery that has occurred, and (7) the nature of the discovery deadlines in place.[4]

Mulcahy stated in her pleadings that discovery would be conducted under a level 3 discovery control plan, but the record does not show any court order adopting a level 3 control plan or any other discovery schedule. Accordingly, the

---

[2]29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

[3]*LaRue v. Chief Oil & Gas, L.L.C.*, 167 S.W.3d 866, 873 (Tex. App.—Fort Worth 2005, no pet.).

[4]*Id.* at 872.

default discovery deadlines of a level 2 discovery control plan applied.[5] The discovery period under level 2 ends nine months after the earlier of (1) the date of the first oral deposition or (2) the due date of the first response to written discovery.[6] Assembled filed an answer on September 18, 2008, which included a request for disclosure. Mulcahy's response to the request was due on October 18, 2008.[7] The discovery period therefore ended nine months later in July 2009. Assembled filed its no-evidence motion for summary judgment on November 4, 2009, after the end of the discovery period. Wal-Mart filed its motion on November 30, 2009. Neither Assembled nor Wal-Mart had requested a stricter deadline for discovery, and the case had been on file for fifteen months before Assembled filed its motion. Nothing in the record indicates that Mulcahy had attempted to take any depositions or to obtain any written discovery from either Assembled or Wal-Mart; some of the evidence Mulcahy needed to defeat the summary judgment motions, such as the design specifications of the scooter and whether Assembled or Wal-Mart had any knowledge of the scooter's defective condition, could have come from such discovery. Under these circumstances, we cannot say that the trial court abused its discretion by concluding that an

---

[5]Tex. R. Civ. P. 190.3(a), 190.4; *Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied).

[6]Tex. R. Civ. P. 190.3.

[7]*See* Tex. R. Civ. P. 194.1.

adequate time for discovery had passed by the time Assembled and Wal-Mart filed their motions.[8]  We overrule Mulcahy's first issue.

In her second issue, Mulcahy argues that because she was denied competent and diligent representation under the minimal standards of conduct mandated by the Texas Disciplinary Rules of Professional Conduct, she was not afforded an adequate time for discovery before Wal-Mart and Assembled Products filed their no-evidence motions for summary judgment.  We disagree that the determination of whether adequate time has passed for discovery turns on the competence of the parties' attorneys.  As stated above, we consider seven factors in determining whether adequate time has passed, and the quality of a party's attorney is not one of those factors.[9]  We decline to create a new test.  If Mulcahy's attorney was inadequate or incompetent, her remedy, if any, is a claim for legal malpractice.  We overrule Mulcahy's second issue.

---

[8]*See LaRue*, 167 S.W.3d at 873; *Wolfe v. Fairbanks Capital Corp.*, No. 02-03-00100-CV, 2004 WL 221212, at *1 (Tex. App.—Fort Worth Feb. 5, 2004, no pet.) (mem. op.) (determining that adequate time for discovery had passed when case had been pending for over eleven months before the summary judgment hearing and the plaintiff had not initiated any discovery during that time or responded to a request for production from the defendant); *Harmon v. Bank of West*, No. 02-02-00056-CV, 2003 WL 1564826, at *3 (Tex. App.—Fort Worth Mar. 27, 2003, no pet.) (mem. op.) (holding that an adequate time for discovery had passed because, among other things, the discovery period had expired); *see also Allen*, 236 S.W.3d at 326 (holding that the trial court did not abuse its discretion by denying the plaintiff's motion for continuance in order to take depositions when the defendant filed its motion for summary judgment after the discovery deadline had ended, the motion was filed fourteen months after the plaintiff filed suit, and the plaintiff had not requested any depositions prior to the defendant filing the motion).

[9]*See LaRue*, 167 S.W.3d at 872 (listing factors to consider).

Mulcahy argues in her third issue that the trial court abused its discretion by granting the no-evidence motions for summary judgment when she filed a verified motion for continuance demonstrating her need for additional discovery under rule 166a(g). We review a trial court's denial of a motion for continuance for abuse of discretion.[10] We will reverse only if the trial court acted without regard to guiding principles or was arbitrary or unreasonable.[11] A continuance may not be granted without a showing of good cause, supported by affidavit.[12] Further, if the basis for the requested continuance is "want of testimony," the affidavit must show (1) that the testimony is material, (2) that due diligence has been used to obtain the testimony, (3) that there is an explanation given for the failure to obtain the testimony, and (4) that the testimony cannot be procured from another source.[13]

The trial court had already granted Mulcahy one continuance. In her brief, Mulcahy contends that "[she] could not have exercised any more diligence than filing her verified motion for continuance the same day her new counsel . . . appeared on [her] behalf." We disagree. Mulcahy offered no explanation in her second motion for continuance or at the hearing on the motion for what diligence

---

[10]*Tri-Steel Structures, Inc. v. Baptist Found. of Tex.,* 166 S.W.3d 443, 447 (Tex. App.—Fort Worth 2005, pet. denied).

[11]*Id.*

[12]*Id.* at 447–48; Tex. R. Civ. P. 251.

[13]*Tri-Steel Structures*, 166 S.W.3d at 448; Tex. R. Civ. P. 252.

had been shown by her current attorney or any of her former attorneys to secure the testimony. Mulcahy made no explanation for what she had done on her own, if anything, to obtain the evidence sought in the time between when the trial court granted her first motion for continuance and the re-set hearing date. She apparently spent that time obtaining the services of an attorney who was campaigning for reelection to the state legislature and who did not have time to review the merits of her case until after the Christmas holidays. We cannot say that the trial court abused its discretion by determining that Mulcahy had failed to show that she had used due diligence in obtaining the testimony for her case. We overrule Mulcahy's third issue.

In her fourth and final issue, Mulcahy argues that the trial court erred by granting the no-evidence motions for summary judgment. Mulcahy makes no argument about why the trial court erred or what evidence she produced to defeat summary judgment;[14] she merely states that "[i]n order 'to allow argument as to all the possible grounds upon which summary judgment should have been denied,' Mulcahy includes this point of error as directed by the Texas Supreme Court in *Malooly Brothers, Inc. v. Napier*."[15] If Mulcahy did not produce any evidence on the challenged elements, the trial court was required to grant Wal-

---

[14]*See* Tex. R. App. P. 38.1(i) (requiring that an appellant's brief "contain a clear and concise argument for the contentions made"); *see also Clifton v. Walters*, 308 S.W.3d 94, 99 (Tex. App.—Fort Worth 2010, pet. denied) (holding that inadequately briefed issue was waived).

[15]461 S.W.2d 119, 121 (Tex. 1970).

Mart and Assembled's motions for summary judgment.[16] She points to no evidence in her brief that she contends raised a fact issue. The only evidence produced by Mulcahy related to medical bills she incurred after her injury, which is evidence that Mulcahy was injured by her fall but does not relate to the other elements of her claims for which Appellees alleged there was no evidence. We decline to conduct an independent review of the record to determine if anything else in the record raises a fact issue on the challenged elements.[17] Accordingly, we hold that the trial court did not err by granting summary judgment. We overrule Mulcahy's fourth issue.

Having overruled Mulcahy's four issues, we affirm the trial court's summary judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED:  December 16, 2010

---

[16] *See* Tex. R. Civ. P. 166a(i) (stating that when a party files a no-evidence motion for summary judgment after adequate time for discovery, the court *must* grant the motion unless the nonmovant produces summary judgment evidence sufficient to raise a genuine issue of material fact).

[17] *See Shelton v. Sargent*, 144 S.W.3d 113, 129 (Tex. App.—Fort Worth 2004, pet. denied) (noting that "[w]e do not have a duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred").