

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00358-CV

MELVIN PEYTON                                                    APPELLANT

V.

VAN NADARAJAH                                                    APPELLEE

------------

## FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On February 26, 2014, we notified pro se appellant Melvin Peyton that because he was on the list of vexatious litigants subject to prefiling orders compiled by the Office of Court Administration of the Texas Judicial System,[2]

---

[1]*See* Tex. R. App. P. 47.4.

[2]We take judicial notice of the list maintained by the Office of Court Administration at http://www.txcourts.gov/oca/vexatiouslitigants.asp. *See Johnson v. Marsh*, No. 02-13-00406-CV, 2014 WL 982377, at *1 n.2 (Tex. App.—Fort Worth Mar. 13, 2014, no pet. h.) (mem. op.); *Merritt v. Davis*, No. 05-

unless he obtained an order from the appropriate local administrative judge that permitted the filing by March 10, 2014, we would dismiss the appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.103–.104 (West Supp. 2013); Tex. R. App. P. 42.3(c).

In his response to our February 26, 2014 letter, Peyton filed an objection, accusing this court of violating his due process rights.[3] Contrary to Peyton's contentions, however, the prefiling-order requirement does not necessarily violate a litigant's due process rights, and there is no showing here that his rights have been violated—he has not met his burden to show that obtaining permission is the equivalent of denying him an opportunity to be heard. *See Clifton v. Walters*, 308 S.W.3d 94, 102 (Tex. App.—Fort Worth 2010, pet. denied) (stating that courts have described the legislature's intent in enacting chapter 11 as a balancing of individual Texans' rights to access their court system against the public's interest in protecting defendants from individuals who abuse that

---

13-00819-CV, 2013 WL 4459024, at *1 n.1 (Tex. App.—Dallas Aug. 19, 2013, no pet.) (mem. op.).

[3]Peyton also objected to our February 18, 2014 letter directing him to file an amended brief because his brief did not comply with the rules of appellate procedure. Based on our disposition here, we need not address this contention other than to note that at the time that we issued that letter, it had not yet come to this court's attention that Peyton was on the list of vexatious litigants. Our subsequent February 26, 2014 letter made clear that without an order from the appropriate local administrative judge, we would dismiss the appeal.

system). As Peyton has failed to provide this court with an order from the local administrative judge that permits the filing of his appeal, we dismiss the appeal.[4]

PER CURIAM

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: April 3, 2014

---

[4]While this court awaited Peyton's response to our February 26, 2014 letter, Appellee Van Nadarajah filed a motion to dismiss based on Peyton's failure and refusal to serve appellee's counsel with copies of the documents he had filed. *Cf.* Tex. R. App. P. 6.3(b)(1), 9.5. Nadarajah then filed a supplemental motion to dismiss the appeal under rule 42.3(c) based on Peyton's failure to file required briefing and documentation requested by our clerk and to obtain permission from the local administrative judge to pursue the appeal. In light of our disposition of the appeal above, both motions are moot.