**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-20704
Summary Calendar

———————————

HOWARD JOHNSON,

Plaintiff-Counter Defendant-Appellant,

versus

CLARENCE O'NEAL BRADFORD; MICHAEL R. BURDICK; SERGEANT DESIMERLY;
D. ELDER; HOUSTON POLICE DEPARTMENT NARCOTICS TASK FORCE UNIT
#19; SMITH, Detective; DOYLE, Detective; JOHN DOE I, Officer;
JOHN DOE II, Officer,

Defendants-Appellees,

DOUGLAS MACNAUL,

Defendant-Counter Claimant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1660
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Howard Johnson, Texas prisoner #785828, appeals the
district court's dismissal of his 42 U.S.C. § 1983 complaint and
summary judgment in favor of defendants Michael Burdick and Douglas
McNaul. There is no merit to Johnson's contention that his Fourth
Amendment claims relating to the search of his apartment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

seizure of cocaine are not barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). Johnson's argument that the defendants were not entitled to qualified immunity on his excessive force claim is equally unavailing. "[H]andcuffing too tightly, without more, does not amount to excessive force." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). Johnson's challenge to the defendants' alleged death threats does not present a claim of physical injury and therefore fails to state an excessive force claim. See Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999). Johnson's claim that the other officers did not intervene to stop Officer Burdick also fails, as Johnson has not shown that Officer Burdick was using excessive force. Therefore, there was no need for intervention. See Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). Johnson's allegation of a conspiracy among the officers to violate his rights is conclusional.

Finally, Johnson's assertions that he was not allowed sufficient discovery or the opportunity to amend his complaint are without merit. See Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994-95 (5th Cir. 1995).

The district court did not err in granting summary judgment for defendants Burdick and McNaul, or in overruling Johnson's objections to its rulings on his procedural motions.

Johnson's motion for appointment of counsel is hereby **DENIED**.

**AFFIRMED.**